# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY WINTERS, | CASE NO. 1:08-cv-01681 LJO DLB PC |
| Plaintiff, | ORDER GRANTING LEAVE TO AMEND |
| v. | (Doc. 15) |
| SUSAN HUBBARD, et al., | SECOND AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

## I. Procedural Background

Plaintiff Robert Anthony Winters ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 4, 2008.

On December 10, 2008, the Court issued a screening order. 28 U.S.C. § 1915A(a). (Doc. 10). The Court found that Plaintiff's complaint stated a claim under the Eighth Amendment against Defendants Adams, R. Lopez, D. Ortiz, J. Hartley, L. Watson, F. P. Fields, and J. Jennings. However, Plaintiff failed to state a claim against Defendants Susan Hubbard, Sheppard-Brooks, T. Norton, M.T. Cisneros, Maxwell, M.L. Gonzales, Mazon-Alec, V. Marmolejo, C. Munoz, F. Munoz, M. Munoz, D. Tereco, J. Lopez, Hernandez, E. Beam, P. Maldonado and McMurray and D. Hicinbothom. The Court ordered Plaintiff to either file an amended complaint, or notify the Court that he wished to proceed only on his cognizable claims. Because Plaintiff had also filed a motion for injunctive relief that was pending before the Court, the Court also issued an order finding service

1

of the complaint appropriate for defendant Adams. The Court sent to Plaintiff service documents for completion and return. (Doc. 11). Plaintiff was cautioned that if he opted to amend his complaint and then failed to state a claim against defendant Adams, defendant Adams would be dismissed from the action and he would no longer be required to respond to the pending motion. (Doc. 10, fn 3).

On January 14, 2009, Plaintiff filed his first amended complaint. (Doc. 15). Plaintiff also submitted the service documents. However, Plaintiff completed the documents for service on defendant Hubbard, and not defendant Adams as ordered. (Doc. 12).

On February 10, 2009, Plaintiff then filed a motion to amend his first amended complaint. (Doc. 15).

**Motion to Amend Pleading**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Further, Local Rule 15-220 provides that "[u]nless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by Court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading..."

The Court shall grant Plaintiff leave to file a second amended complaint. However,

1 Plaintiff's proposed amended complaint, lodged February 10, 2009, is unacceptable. (Doc. 16). Plaintiff has submitted only the cover page, pages 1, 2, 5, 6, 18, 22 and 25 of his proposed amended complaint, and only the table of contents for his exhibits.

Plaintiff is not permitted to submit his amended complaint piecemeal. It is the Court's experience that allowing for piecemeal submission of a pleading inevitably leads to confusion. Accordingly, Plaintiff is HEREBY ORDERED to file a second amended complaint that is complete in itself without reference to any prior pleading, within thirty (30) days of service of this order.

Finally, because Plaintiff has been granted leave to amend, the Court will not direct service on defendant Adams until such time as Plaintiff has submitted a second amended complaint in compliance with this order, and the Court has screened the second amended complaint for sufficiency. 28 U.S.C. § 1915A(a).

Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **March 9, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE