# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINTERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HUBBARD, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01681 LJO DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE THIRD AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 20) |

**Screening Order**

**I.　Screening Requirement**

Plaintiff Robert Anthony Winters ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 4, 2008. On March 23, 2009, Plaintiff filed a second amended complaint. (Doc. 20).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

### A. Linkage Requirement

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

### B. Summary of Plaintiff's Second Amended Complaint

Plaintiff is currently housed at the California State Prison - Corcoran, where the events at issue in this action occurred. Plaintiff names Director Suzan Hubbard, Warden Derral Adams, Chief Deputy Wardens L. Watson and J. Hartley, Associate Wardens D. Ortiz, R. Lopez and Sheppard-Brooks, Captains F.P. Field and M. Jennings, Acting Captain M. T. Cisneros, Lieutenants Kavanaugh, F. Munoz, and E. Mazon-Alec, Correctional Counselor M.L. Gonzales, Sergeant D.

Tercero, Facility Sergeants J. Hernandez and L. A. Martinez, and Facility Officer P. Munoz as defendants. Plaintiff alleges violations of the Eighth and Fourteenth Amendments of the United States Constitution, and seeks injunctive relief and money damages.

### i. **Re-Integration Plan**

Plaintiff identifies himself as a member of an "identified hispanic group" that programs peacefully with the bulldog street gang (hereinafter "Bulldogs"). (Doc. 20, Amended Complaint, ¶.23). Plaintiff and the members of the Bulldogs are housed in CSP-Corcoran 3A Facility ("3A-Facility"). (Id., ¶24). Plaintiff alleges that there is a history of violence between the Bulldogs and the Southern gangs ("Southerners") and that they are enemy groups. (Id.).

Plaintiff alleges that in 2006, defendant D. Ortiz approved a plan to re-integrate 3A Facility with Southerners ("Re-Integration Plan"). (Id., ¶30). Plaintiff alleges that defendant D. Adams pre-approved the plan. (Id., ¶29). Plaintiff alleges that the plan allowing for the transfer of Southerners to be housed at 3A Facility was also approved by defendant Hubbard. (Id., ¶24). Plaintiff alleges that defendants Adams, Ortiz and Hubbard were aware of the history of violence between the groups when they implemented the re-integration plan. Plaintiff alleges that there have been numerous incidents of violence between the groups since the re-integration, and alleges a risk of harm to health and safety. Plaintiff alleges that defendants continue to enforce a policy that is so deficient that it is a repudiation of constitutional rights. (Id., ¶31).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer at 847; Hearns at 1040.

Upon review of Plaintiff's second amended complaint, the Court cannot find that Plaintiff

states cognizable claims against defendants D. Ortiz, D. Adams or S. Hubbard for violation of the Eighth Amendment related to the Re-Integration Plan. Plaintiff is neither a member of the Bulldogs nor the Southerners. Plaintiff has not sufficiently alleged that defendants knew of and disregarded a substantial risk of harm to him given that there are no allegations of a particularized risk of harm to Plaintiff. Farmer at 847. Generalized allegations of a risk of harm are insufficient to state a cognizable claim and therefore Plaintiff fails to state a claim against defendants D. Ortiz, D. Adams or S. Hubbard.

Because Plaintiff does not state a cognizable Eighth Amendment claim regarding the Re-Integration Plan, the Court will not yet direct service upon defendant Adams of Plaintiff's pending motion for injunctive relief, as previously indicated. (See Doc. 10, fn3).

### ii. Outdoor Exercise, Sunlight and Fresh Air

Plaintiff alleges that from September 2006 - October 2007, and from April 2008 to present, defendants D. Adams, Lopez, D. Ortiz, J. Hartley, L. Watson, F. P. Field, and M. Jennings have deprived plaintiff of outdoor exercise, sunlight and fresh air. (Doc. 20, Amended Complaint, ¶32).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff states a cognizable claim against defendants D. Adams, Lopez, D. Ortiz, J. Hartley, L. Watson, F. P. Field, and M. Jennings for violation of the Eighth Amendment.

### iii. Work Assignment

Next, Plaintiff alleges that defendant Tercero removed Plaintiff from his work assignment and placed him in a different education program. Plaintiff alleges that defendant Tercero acted under

4

the direction of defendant Mazon-Alec. (Doc. 20, Amended Complaint, ¶33). Plaintiff states that defendants Adams, Tercero and Mazon-Alec were attempting to eliminate all job, education, training, vocational and rehabilitative program assignment activities. Plaintiff states that the decision to remove him from his position was approved by defendants Jennings, Cisneros and Gonzales. Plaintiff alleges a due process violation based on the loss of his "progressive skill level work wage earnings". (Id., ¶34). .

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty or property interest for which the protection is sought.

Plaintiff does not have a liberty interest in his prison job[1], Sandin v. Connor, 515 U.S. 472, 484 (1995), and plaintiff does not have a property interest in his prison job. See Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because plaintiff has neither a liberty interest nor a property interest in his prison job, plaintiff was not entitled to any procedural due process protections in conjunction with his removal. Further, plaintiff has alleged no facts that suggest that he was removed on a basis that infringed upon any constitutionally protected interests. Vignolo, 120 F.3d at 1077. Accordingly, plaintiff's allegations fail to give rise to a cognizable claim for relief under section 1983 for violation of the Due Process Clause.

### iv. Visitation Restrictions

Plaintiff alleges that from September 2006 to present, defendants have implemented changes to the visitation policy affecting Plaintiff and the Bulldogs that resulted in long periods without visiting, or with only non-contact visits behind glass permitted. Plaintiff contends that the "debilitating effects" of the visitation restriction are well known. (Id., ¶35).

---

[1] In Sandin v. Connor, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

As was previously explained to Plaintiff, standing requires that plaintiff "show that [he] suffered an injury in fact, there was a causal connection between the injury and the conduct complained of, and the injury is likely to be redressed by a favorable decision." Davis v. Yageo Corp., 481 F.3d 661, 673 (9th Cir. 2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992)). Plaintiff's allegations as pled are insufficient to state a cognizable claim for relief. Plaintiff has not alleged any injury in fact, and therefore he lacks standing to bring this claim.

        **v.**      **Conspiracy**

Next, Plaintiff alleges that defendants M. Jennings, Adams, J. Kavanaugh, F. Munoz, L.A. Martinez, J. Hernandez and P. Munoz have conspired to unfairly blame and target the Bulldog members for a series of altercations amongst Bulldog and Southern gang members, resulting in Plaintiff and all Bulldog members being unfairly punished.

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As

such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

### vi. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff alleges a violation of the Equal Protection clause of the Fourteenth Amendment. To the extent that Plaintiff alleges differential treatment between the punishments assessed to the Bulldogs and Southerners after altercations between the groups, and even to the extent that both groups are prison gangs, Plaintiff has not sufficiently alleged that the groups are similarly situated so as to raise a cognizable Equal Protection claim, and in fact Plaintiff is not a member of either

group.[2]  Plaintiff fails to state a cognizable Equal Protection claim.

### vii. September 18, 2008 Incident

Plaintiff alleges that on September 18, 2008, he informed defendant M. Jennings that two inmates who had previously assaulted him were now housed in the same facility as Plaintiff. Plaintiff alleges that defendant laughed at Plaintiff's concerns about the risk of harm to him.

Given the liberal pleadings standard, the Court cannot find at this time that Plaintiff fails to state a cognizable claim for relief.

### viii. January 6, 2009 Incident

Plaintiff alleges that since filing this lawsuit, he has been subjected to conduct of a retaliatory nature by defendants Jennings, L. A. Martinez, J. Hernandez and P. Munoz.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by

---

[2] For many of the altercations described, it is not clear that any of the defendants were involved. (Doc. 20, ¶¶38, 39, 46, 49). The Court will not mine through Plaintiff's exhibits searching to correct any linkage deficiencies. Plaintiff was provided with the linkage requirement for section 1983 claims in the court's previous screening order. (Doc. 10).

8

submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 127 S.Ct. at 918-19 (citing Porter, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). There is no exception to the exhaustion requirement for imminent harm. Because it is clear from the face of Plaintiff's complaint that he has not yet exhausted, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

Plaintiff's claim of retaliation must be dismissed, without prejudice, because Plaintiff could not have exhausted this claim prior to filing suit on November 4, 2008.

### III.    Conclusion and Order

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants D. Adams, Lopez, D. Ortiz, J. Hartley, L. Watson, F. P. Field, and M. Jennings regarding the deprivation of outdoor exercise and sunlight; and against Defendant M. Jennings regarding the September 18, 2008 incident. However, Plaintiff fails to state a claim against the remaining defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants D. Adams, Lopez, D. Ortiz, J. Hartley, L. Watson, F. P. Field, and M. Jennings, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and Recommendations recommending that Defendants Suzan Hubbard, D. D. Sheppard-Brooks, M. T. Cisneros, John Kavanaugh, F. Munoz, E. Mazon-Alec, M. L. Gonzales, D. Tercero, J. Hernandez, L. A. Martinez and P. Munoz be dismissed based on Plaintiff's failure to state any claims upon

which relief may be granted, and will forward Plaintiff seven summonses and seven USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants D. Adams, Lopez, D. Ortiz, J. Hartley, L. Watson, F. P. Field, and M. Jennings; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **April 3, 2009**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE