# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY WINTERS,<br><br>    Plaintiff,<br><br>    v.<br><br>SUSAN HUBBARD, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01681 LJO DLB PC<br><br>ORDER RE NOTICE OF RELATED CASE<br><br>(Doc. 31.) |

      Plaintiff Robert Anthony Winters ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 4, 2008. On April 22, 2009, Plaintiff filed a Notice of Related Cases. In his notice, Plaintiff requests that the instant case be reassigned to a different District Judge and that the referral to a Magistrate Judge be vacated. (Doc. 31.) Plaintiff cites to Local Rule 83-123(c) and Fed. R. Civ. P. 73(b)(3).

      Plaintiff states that prior to his elevation to the position of District Judge, Judge O'Neill was the assigned Magistrate Judge on Plaintiff's petition for writ of habeas corpus, filed May 2000, bearing case number 1:00-cv-05474 REC LJO (HC). Plaintiff states that he filed a claim of misconduct against then Magistrate Judge O'Neill in July 2000. Plaintiff states that then Magistrate Judge O'Neill issued a Findings and Recommendations recommending that the petition be dismissed. Plaintiff states that the Findings and Recommendations were subsequently adopted and his case dismissed "without full, fair and impartial construing of the material facts and/or conducting

1

of an evidentiary hearing on the presented 'affirmative direct relevant evidence'..."[1] (Id., p.2:1-3.) In support of his instant motion for reassignment, Plaintiff argues that the present action involves similar questions of fact and law as his petition for writ of habeas corpus, and is concerned that the same "unfavorable result" will occur in this action.

Plaintiff misunderstands the purpose of Local Rule 83-123(c). This local rule governs the reassignment of a case following the filing of a Notice of Related Cases, where a determination is made that the assignment of the cases to a single judge is likely to effect a savings of judicial effort or other economies. Plaintiff's petition for writ of habeas corpus, which Plaintiff asserts is a related case, was dismissed and the case closed by order filed September 10, 2001. This situation does not warrant a case reassignment pursuant to Local Rule 83-123(c) and Plaintiff's request is DENIED.

To the extent that Plaintiff seeks the disqualification of District Judge O'Neill, Plaintiff's request is governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.

28 U.S.C. § 144 provides that when "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ... [he] shall proceed no further...." 28 U.S.C. § 455(a) provides that "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under both statutes, "the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned". Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (internal quotations omitted) (citing United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997), States v. Studley, 783 F.2d 934, 939 (9th Cir.1986)).

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)). "'Judicial rulings alone almost never constitute a valid basis for

---

[1] The Court takes judicial notice that the dismissal of Plaintiff's petition for writ of habeas corpus was affirmed by the Court of Appeals for the Ninth Circuit by order filed May 15, 2006.

2

a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)). "'In and of themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'" Id. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Likeky, at 555, 114 S.Ct. 1147.

Plaintiff's concern that an unfavorable decision will be issued in his pending civil rights action because District Judge O'Neill previously recommended dismissal of Plaintiff's petition for writ of habeas corpus is insufficient to warrant his disqualification. The fact that the District Judge issued a Findings and Recommendations eight years ago in a separate legal proceeding does not lead to the conclusion that his impartiality might reasonably be questioned, and the Court finds nothing to suggest any deep-seated antagonism that would make fair judgment of the present action impossible. Accordingly, Plaintiff's request for disqualification of the District Judge is therefore DENIED.

With respect to Plaintiff's request that the referral to a Magistrate Judge be vacated, Plaintiff has not demonstrated extraordinary circumstances and this request is also DENIED. Fed. R. Civ. P. 73(b)(3).

IT IS SO ORDERED.

   Dated:   **August 19, 2009**              /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE