# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY WINTERS,<br><br>        Plaintiff,<br><br>    v.<br><br>SUSAN HUBBARD, et al.,<br><br>        Defendants. | CASE NO. 1:08-cv-01681-LJO-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER |

**<u>Order</u>**

Plaintiff Robert Anthony Winters ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action. On December 16, 2009, the Court ordered Plaintiff either to file a complete third amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable in the Magistrate Judge's April 6, 2009 order. Plaintiff was ordered to respond within twenty days. The twenty-day deadline has passed, and Plaintiff has not complied with the Court's December 16, 2009 order or otherwise responded.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. <u>See</u>, <u>e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

1   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
2   address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure
3   to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
4   (dismissal for failure to lack of prosecution and failure to comply with local rules).  In
5   determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or
6   failure to comply with local rules, the Court must consider several factors: (1) the public's interest
7   in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of
8   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
9   (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d
10  at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

11         In the instant case, the Court finds that the public's interest in expeditiously resolving this
12  litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third
13  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
14  injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air
15  West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of
16  cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.
17  Finally, a court's warning to a party that his failure to obey the court's order will result in
18  dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at
19  1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.

20         Plaintiff had been warned on two previous occasions that his failure to obey a court order
21  would result in dismissal of this action.  Plaintiff instead continued to file objections and motions
22  for reconsideration, which were denied.

23         Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED, with
24  prejudice, for failure to obey a court order.  The Clerk of the Court is directed to close this action.
25  IT IS SO ORDERED.

26  **Dated:     March 4, 2010**                    /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE